UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHLEY DOUGET,                                            DEMAND FOR JURY TRIAL
    Plaintiff,

-vs.-

EQUITYEXPERTS.ORG, LLC,
    Defendant.
_____

## COMPLAINT AND JURY DEMAND

NOW COMES THE PLAINTIFF, ASHLEY DOUGET, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY D. NITZKIN, and for her Complaint against the Defendant pleads as follows:

## JURISDICTION

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the federal law claims, pursuant to 28 U.S.C. § 1367.

## VENUE

3. Defendant's principal place of business is in the County of Oakland, State of Michigan.

4. Venue is proper in the Eastern District of Michigan.

## PARTIES

5. Plaintiff is a natural person residing in Acworth, Georgia. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

6. The Defendant to this lawsuit is EquityExperts.Org, LLC, which is a Michigan company that maintains its principal place of business in Oakland County, Michigan.

## GENERAL ALLEGATIONS

7. Defendant is attempting to collect a consumer debt allegedly owed by Plaintiff to Burnt Hickory Lakes HOA, ("the Association") in the approximate amount of $3,505.73 ("the alleged Debt").

8. On or about November 7, 2016, Plaintiff received a billing statement from All-In-One Management showing that she owed $908.25 for the alleged Debt.

9. All-In-One Management serviced the alleged Debt on behalf of the Association.

10. On or about November 18, 2017, Ms. Douget contacted the Association to resolve the alleged Debt.

11. In January 2017, Ms. Douget attempted to contact the Association, but the alleged Debt was sent to Defendant for collections.

12. On or about March 13, 2017, Ms. Douget received a letter from Defendant attempting to collect the alleged Debt.

13. The letter stated that the balance due on the alleged Debt is $1,705.75.

14. The letter further stated that, unless Ms. Douget pays the alleged Debt in full, collection activity will continue and additional charges will be charged to the association and added to the amount she owes.

15. The letter further stated that Defendant intends to file a notice of lien against her property if the above amount is not paid in full within 15 days of the date of this letter and that an additional $395.00 in collection costs, actual attorney's fees incurred to prepare the lien and actual recording fees will be charged to the association and added to her balance.

16. Defendant attached to the letter a "Collection Activity and Cost Notice" that listed the following excessive fees:

   a. FDCPA Compliance Assurance Package/Pre-lien Notice in the amount of $270.00;

   b. Notice of Intent to Record Lien Package;

   c. Lien Recording and Discharge Package in the amount of $395.00;

   d. Escalated Outreach (EDO) Service Package in the amount of $395.00 plus Attorney's Fee & Filing Fees;

   e. Post Outreach Lien Enforcement (Pole) Package in the amount of $650.00;

   f. Continuing Contact Package in the amount of $75.00 Per Outbound Contact; and

   g. Final Enforcement Package in an amount that varies.

17. On or about April 3, 2016, Ms. Douget received a Notice of Lien Filing stating that a lien has been filed against the property on behalf of the Association, in the amount of $2,100.75 to include past due assessments, late fees, interest and collection costs, as authorized and permitted by the Declaration of Covenants for the Association and stating that a $395.00 lien filing processing fee has been added to her account.

18. On or about May 16, 2017, Ms. Douget received a letter from All-In-One Management stating that, because she owes a balance to the Association, her

amenity privileges and voting rights have been suspended until her account is back in good standing.

19. On or about June 1, 2017, Plaintiff received another letter from Defendant, which stated that if Plaintiff does not agree to a payment plan within seven days, then Defendant will "escalate" her file and an additional $650.00 collection fee will be charged to the association and added to her account.

20. On or about June 13, 2017, Plaintiff received a statement from Defendant showing the following excessive charges:

   a. An "FDCPA Compliance Assurance/Pre-Lien" fee was charged on 01/31/2017 in the amount of $270.00;

   b. A "Lien Recording and Discharge" was charged on 04/03/2017 in the amount of $395.00;

   c. An "Escalated Outreach (EDO) Service" fee was charged on 04/19/2017 in the amount of $350.00;

   d. An "EDO 2" fee was charged on 05/01/2017 in the amount of $100.00;

   e. An "EDO 3" fee was charged on 05/11/2017 in the amount of $100.00;

   f. An "EDO 4" fee was charged on 05/22/2017 in the amount of $100.00;

    g. An "HOA" fine was charged on 06/01/2017 in the amount of $100.00; and

    h. A "Post Outreach Lien Enforcement (Pole)" fee was charged on 06/01/2017 in the amount of $650.00.

21. Plaintiff has suffered pecuniary and emotional damages as result of Defendant's actions.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff reincorporates the preceding allegations by reference.

23. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

24. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

25. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

26. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Defendant violated this

section of the FDCPA by charging excessive fees, and overcharging for services allegedly performed by Defendant;

b. 15 U.S.C. § 1692e(2)(a) by misrepresenting the character, amount or legal status of any debt. Defendant misrepresented the amount of the alleged Debt, charged excessive fees, and overcharged for services allegedly performed by Defendant;

c. 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect a debt. Defendant violated this provision by misrepresenting the amount of the alleged Debt, charging excessive fees, and overcharging for services allegedly performed by Defendant; and

d. 15 U.S.C. § 1692f(1) by collecting any amount not permitted by law. Defendant violated this provision by misrepresenting the amount of the alleged Debt, charging excessive fees for the alleged Debt, and overcharging for services allegedly performed by Defendant.

27. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## COUNT II
## VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

28. Plaintiff incorporates the preceding allegations by reference.

29. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

30. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

31. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant violated this provision by charging excessive fees.

    b. MCL § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

32. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

33. These violations of the Michigan Occupational Code were willful.

## COUNT III
## VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

34. Plaintiff incorporates the preceding allegations by reference.

35. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

8

36. Plaintiff is a "consumer" as that term is defined at MCL § 445.251.

37. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

   a. MCL § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant violated this provision by charging excessive fees; and

   b. MCL § 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

38. Plaintiff has suffered damages as a result of these violations of the MCPA.

39. These violations of the MCPA were willful.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against Defendant:

a. Actual damages;

b. Statutory damages; and

c. Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

      Respectfully submitted.

Dated: August 25, 2017      <u>/s/ Gary Nitzkin</u>
      GARY D. NITZKIN (P41155)
      TRAVIS SHACKELFORD P68710
      CARL SCHWARTZ P70335
      CREDIT REPAIR LAWYERS OF AMERICA
      Attorneys for Plaintiff
      22142 West Nine Mile Road
      Southfield, MI 48033
      (248) 353-2882
      Fax (248) 353-4840
      Email – gary@crlam.com